UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT WILLIAM BARROCA,<br><br>    Petitioner,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent.<br>_____/ | No. CR-94-0470 EMC<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT AND FOR AN INDICATIVE RULING**<br><br>**(Docket No. 882)** |

    Petitioner in this case is currently incarcerated in federal prison following his 2004 guilty plea and sentencing for various federal drug charges. On April 6, 2010, Petitioner filed a motion to vacate the Court's judgment. This was 37 days after the statute of limitations provided in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). On September 13, 2010 filed a motion to toll the statute of limitations, which this Court denied on December 20, 2011. Docket No. 875. The case is currently on appeal.

    Currently pending before this Court is Petitioner's motion for relief from judgment and for an indicative ruling under Rule 62.1. Docket No. 882. Petitioner argues that this Court's December 20, 2011 failed to consider  previously failed certain arguments he previously advanced, and that he has newly discovered evidence relevant to the question of whether he is entitled to tolling of the statute of limitations.

## I. <u>DISCUSSION</u>

    Rule 62.1 of the Federal Rules of Civil Procedure concerns a district court's options when a party files a motion for relief while an appeal is pending. In this situation, the court has three

options: it may defer consideration of the motion, it may deny the motion, or it may issue an indicative ruling stating that it would grant the motion if the court of appeals remands the case, or that the motion raises a substantial issue. Fed. R. Civ. P. 62.1(a). Rule 60 provides that a court may grant relief from an order based on "mistake, inadvertence, surprise, or excusable neglect" or because there is newly discovered evidence that could not have been previously discovered with reasonable diligence. Fed. R. Civ. P. 60.

In this case, Petitioner's September 2010 motion to toll the statute of limitations argued that he was entitled to tolling because (1) there were a various periods of time during the prison was on "lockdown" and he was unable to access his legal materials; (2) at one point, prison staff confiscated his legal files, and when they were returned they were in complete disarray with many papers damaged or missing; (3) the prison's required labeling system for outgoing mail did not allow enough spaces to allow him to sent mail directly to this Court, forcing him to send the habeas petition to his sister, who filed it. In his previous filings, Petitioner conceded that the first two issues would not have prevented him from timely filing his petition had he not encountered the mailing label problem.[1] *See* Docket No. 847 at 40. Accordingly, any tolling argument must derive from the problems with the prison's mailing label system.

Petitioner argues that he was prevented from timely filing his habeas petition because the prison implemented a mandatory mailing label system for all outgoing mail ("TRULINCS") the Court's address would not fit in the fields provided by the system. As a result, he argues, he was forced to mail his petition to his sister (who had a shorter address), who then mailed it to this Court. In the previous motion to toll, Respondent provided the declaration of a prison employee familiar with the TRULINCS system who stated that the address for the Court could indeed fit on the four

---

[1] As this Court noted in its December 20, 2010 order, in order to establish equitable tolling a petitioner most show "that the extraordinary circumstances were the cause of his untimeliness, and that the extraordinary circumstances ma[de] it impossible to file a petition on time." *Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009) (internal citations omitted) (alteration in original).

This Court noted in that same order that in order to establish statutory tolling, the complained of government action must have risen to the level of a Constitutional violation. Docket No. 875 at 7. This Court found that the periods of lockdown and the disruptive search of Petitioner's legal files did not constitute violations of the Constitution.

1  lines generally allowed by the system, and that in addition, the system allowed addresses with up to
2  six lines through the use of "Re:" and "Comments" lines. Docket No. 863 Ex. A. The employee
3  also stated that he had spoken with Petitioner about his problem and suggested abbreviating the
4  Court's address if he was having difficulties, but that to his knowledge Petitioner never attempted to
5  do so. *Id.* Based on this, this Court concluded that

> Although Petitioner claims that the mailing address of the Court did not fit on the labels used by the TRULINCS program, the evidence establishes that the Court's mailing address did, in fact, fit on TRULINCS labels. Further, Petitioner's contention is belied by the fact that he was able to successfully file three separate pleadings with other districts in December 2009, at least two of which were served on parties using mailing addresses as long or longer than that of this Court.

Docket No. 875 at 8.

Though Petitioner offers newly discovered evidence showing that the December 2009 filings were mailed before TRULINCS was implemented,[2] he offers no evidence to contradict this Court's finding that the evidence establishes that this Court's address would fit on a TRULINCS label. Though the government provided a specific example of how this Court's address could fit on the standard four line label, Petitioner offers no argument for why this label is inadequate. Petitioner argues that he was concerned that the mail would not be delivered properly if he abbreviated the address. He does not provide details, however, identifying why any abbreviation would render the address of this Court unintelligible or undeliverable. Indeed, the address label example provided by the government uses only two abbreviations ("Attn:" and "CA"), both of which are in general use and would not prevent the mail from being delivered.

Additionally, even if he were precluded from sending the filing to this Court, Petitioner does not provide the date that he mailed the petition to his sister (whether it was sent within the

---

[2] Petitioner offers recently acquired photocopies of the envelope in which he mailed these filings, showing that the address was handwritten, and thus must have pre-dated the mandatory use of TRULINCS labels. Docket No. 882 Ex. F. Though the December 20, 2012 order does not address this fact, the government acknowledged that it was possible that the TRULINCS system had not been implemented until January 2010. *See* Docket No. 863 at 4 n.3; Docket No.

3

limitations period), or explain why it took 37 days for the petition to reach her, and for her to mail it to this Court. He has not established entitlement to tolling for the entire 37 day period.

## II. CONCLUSION

For the foregoing reasons, Petitioner's motion for relief from judgment and for a Rule 62.1 indicative ruling is **DENIED.**

This order disposes of Docket No. 882.

IT IS SO ORDERED.

Dated: January 11, 2013

_____
EDWARD M. CHEN
United States District Judge