UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT WILLIAM BARROCA,<br><br>    Petitioner,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent.<br>_____/ | No. CR-94-0470 EMC<br><br>**ORDER DENYING CERTIFICATE OF APPEALABILITY AND AMENDING MARCH 27, 2013 ORDER** |

In a March 27, 2013 order, this Court denied Petitioner's motion for relief from judgment. Docket No. 890. Plaintiff had sought relief from this Court's January 11, 2013 order denying Petitioner's request for reconsideration of an earlier December 20, 2011 order finding his habeas petition untimely. In both the January 11, 2013 and March 27, 2013 orders, this Court found that Petitioner had offered no new evidence or argument calling into question the conclusion that his petition was not timely filed. Docket Nos. 886, 890. Petitioner appealed the March 27, 2013 order to the Ninth Circuit. Docket No. 891. As this Court did not grant or deny a certificate of appealability ("COA")in the March 27 order, the Ninth Circuit remanded this case for the limited purpose of granting or denying a COA.

A petitioner may not appeal a final order in a federal habeas corpus proceeding without first obtaining a COA. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A judge shall grant a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The certificate must indicate which issues satisfy this standard. *See id.* § 2253(c)(3). Where, as here, the order being appealed denied a habeas petition on procedural grounds rather than

reaching the merits of a petitioner's claims, a COA "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added). The Court need not address the first part of this test, as it finds that jurists of reason would not find it debatable whether this Court was correct in ruling that Petitioner had not established that he was entitled to relief from the January 11, 2013 order. Petitioner's arguments were largely duplicative of those he had offered on his earlier motion, and the only new information he offered only served to undermine his argument that he was entitled to equitable tolling.

Accordingly, this Court denies a COA in this case. Petitioner is advised that he may not appeal the denial of a COA, but he may ask the court of appeals to issue a COA under Rule 22 of the Federal Rules of Appellate Procedure.

In reviewing the March 27, 2013 order, this Court became aware of a typographical error in that order that may cause confusion. To clarify, that order is therefore amended so that the sentence beginning on page three line 19 reads "If the petition would have been timely filed had the prison not implemented TRULINCS, the destruction of his legal materials (for which he seeks 106 days of tolling), standing alone, did not make it impossible for him to file the petition on time."

IT IS SO ORDERED.

Dated: July 10, 2013

_____
EDWARD M. CHEN
United States District Judge