United States District Court

For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT WILLIAM BARROCA, | No. CR-94-0470 EMC |
| Petitioner, | |
| v. | **ORDER DENYING PETITIONER'S MOTION TO RECUSE** |
| UNITED STATES OF AMERICA, | **(Docket No. 898)** |
| Respondent. | |

## I.    INTRODUCTION

Petitioner-Defendant Robert Barroca is currently incarcerated for committing various federal drug offenses. Petitioner claims his sentence was enhanced based on a prior 1989 assault conviction. Petitioner sought to obtain relief on his prior assault conviction by filing habeas petitions under 28 U.S.C. § 2255 and 2254. The Court denied both petitions. Currently pending before the Court is Petitioner's Motion to Recuse the undersigned. Petitioner-Defendant's Motion to Recuse ("Motion to Recuse") (Docket No. 898).

## II.    FACTUAL & PROCEDURAL BACKGROUND

In 1989, Petitioner was convicted of an assault under California Penal Code § 245(a)(2). Petitioner's Motion To Recuse at 9:10-14; Docket 898 at 161. In 1994, Petitioner was indicted for various federal offenses, including felon in possession of a firearm under 18 U.S.C. § 922(g)(1). Motion to Recuse at 9:7-9. Petitioner alleges his prior 1989 state court assault conviction enhanced his sentence for the subsequent federal charges in 1994. *Id*. at 9:14-16.

**United States District Court**
For the Northern District of California

1    Petitioner claims that in 2010 he discovered evidence that proves he is innocent of the 1989

2    assault conviction. *Id*. at 9:17-18.  Seeking to obtain relief on his prior assault conviction, Petitioner

3    filed California State Habeas petitions but they were all denied. *Id*. at 9:18-21.

4        On April 6, 2010 Petitioner filed a motion under 28 U.S.C. § 2255 challenging his federal

5    conviction and sentence as enhanced by the expired state court conviction.  Docket No. 782; Motion

6    to Recuse at 4:25-28.

7        Petitioner also filed a motion to toll the statutory period for his Section 2255 motion.  Motion

8    and Request For Statutory and Equitable Tolling Of AEDPA's Statute Of Limitations ("Motion for

9    Tolling") (Docket No. 806).  Among other things, Petitioner argued that the Federal Bureau of

10   Prison's ("BOP") new mandatory mailing label system, "TRULINCS," prevented him from writing

11   the court's address on the mailing label.  Motion for Tolling at 8:15-23.  Petitioner alleged that the

12   label requirement substantially delayed his filing of the Section 2255 motion. *Id*.

13       In response, the Government argued the label requirement did not hinder Petitioner from

14   filing his Section 2255 motion. United States' Sur-Reply To Defendant's Motion For Statutory And

15   Equitable Tolling ("Sur-Reply Brief") (Docket No. 863) at 3-4:22-6, 4:1-8.  The Government

16   presented evidence that Petitioner mailed three pleadings – after TRULINCS was implemented – to

17   an Indiana District Court. *Id*.  Petitioner asserted that the Government's evidence was false because

18   the mailing's envelope "did not contain a mailing label."  Motion to Recuse 6:27-28; Docket No.

19   867 at 5-6.

20       On December 20, 2011, the Court under Judge Ware, denied Petitioner's Motion for Tolling.

21   Docket No. 875.  Petitioner claims that, in doing so, the Court relied on the Government's false

22   evidence.  Motion to Recuse 6:8-9.

23       On August 7, 2012, Petitioner filed a Petition For Writ of Habeas Corpus under 28 U.S.C. §

24   2254 directly challenging his expired state court assault conviction, on grounds of ineffective

25   assistance of counsel, actual innocence, and insufficient evidence. *See Barroca v. Sanders*, C-12-

26   4146 EMC, Docket No. 1.  Thus, parallel to this criminal action, a civil case, *Barroca v. Sanders*, C-

27   12-4146 EMC was instituted.  The case was assigned to the undersigned.

28

**United States District Court**

For the Northern District of California

1    This Court dismissed the § 2254 petition because it did not fit within the only exception to

2 the rule barring challenges to a prior conviction that was used to enhance a current sentence.

3 *Barroca v. Sanders*, C-12-4146 EMC, Order Of Dismissal (Docket No. 4).  Petitioner then filed a

4 motion for relief from the dismissal (Docket No. 8), which this Court also denied.  *Barroca v.*

5 *Sanders*, Order Denying Petitioner's Motion For Relief From Judgment (Docket No. 12).

6    Petitioner alleges that in denying the motion for relief, "judge Chen specifically instructed

7 Barroca that if Barroca wanted to obtain relief on his actual innocence claim he would have to

8 amend his 2255 motion to include this claim."  Motion to Recuse at 6:20-23; *Barroca v. Sanders*,

9 Order Denying Petitioner's Motion For Relief From Judgment at 2:13-15.  However, this Court also

10 explained to Petitioner that he had a "high hurdle to overcome" if he sought to amend his petition.

11 Order Denying Petitioner's Motion For Relief From Judgment at 5:7-11.

12    On December 7, 2012, Petitioner's Section 2255 proceedings were reassigned to the

13 undersigned.  Docket No. 883.  Thereafter, Petitioner filed a motion for relief from Judge Ware's

14 judgment of December 20, 2011, request for an indicative ruling, and a request to amend his Section

15 2255 motion.  Motion to Recuse 7:4-12; Docket No. 884.

16    On January 11, 2013, this Court denied Petitioner's motion for relief from the December 20,

17 2011 judgment.  Docket No. 886.  The Court found Petitioner could have used the abbreviations

18 "Attn." and "CA" to fit the court's address on the label requirement.  *Id*. at 3:15-21.  Petitioner

19 argues the Court's finding "amounts to judge Chen making up his own evidence" because the

20 Government did not argue Petitioner could have used these specific abbreviations.  Motion to

21 Recuse at 14:11-16.  Further, Petitioner alleges the Court ignored evidence that no one explained,

22 nor did BOP's policy state, how to enter the court's address on the mailing label.  Motion to Recuse

23 at 18:12-15.

24    Petitioner filed a motion to reconsider the Court's order denying the motion for relief.

25 Docket No. 889.  On March 27, 2013, the Court denied Petitioner's motion to reconsider.  Docket

26 No. 890.  Petitioner claims that, when the Court denied his motion to reconsider, the Court

27 disregarded the Government's presentation of false material evidence.  Motion to Recuse 18:10-12.

28

United States District Court

For the Northern District of California

1    Petitioner now moves to recuse the undersigned because this Court allegedly demonstrated

2  extreme favoritism towards the Government by disregarding the Government's presentation of false

3  evidence, and has "personal knowledge of facts."  Motion to Recuse at 22:17-24.  The Court

4  subsequently granted Petitioner's request to stay the matter and granted extensions of that stay due

5  to circumstances relating to Petitioner's transfer to another housing facility.  The stay has now

6  expired.

## III.    DISCUSSION

8    Recusal for bias or impartiality is governed by 28 U.S.C. § 455 and § 144.  In rare

9  circumstances, the Due Process Clause may also require recusal.  *Atterbury v. Foulk*, C 07-6256

10  MHP (PR), 2009 WL 4723547 at *1 (N.D. Cal. Dec. 9, 2009).

11  A.    Legal Standards

12        1.    Recusal under 28 U.S.C. §§ 144, 455

13    Section 144 provides:

> Whenever a party to any proceeding in a district court makes and files
> a timely and sufficient affidavit that the judge before whom the matter
> is pending has a personal bias or prejudice either against him or in
> favor of any adverse party, such judge shall proceed no further therein,
> but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that
> bias or prejudice exists, and shall be filed not less than ten days before
> the beginning of the term at which the proceeding is to be heard, or
> good cause shall be shown for failure to file it within such time. A
> party may file only one such affidavit in any case. It shall be
> accompanied by a certificate of counsel of record stating that it is
> made in good faith.

21  28 U.S.C. § 144.

22    Section 445 states in relevant part:

> (a) Any . . . judge . . . shall disqualify himself in any proceeding in
> which his impartiality might reasonably be questioned.
>
> (b) He shall also disqualify himself in the following circumstances:
>
>> (1) Where he has a personal bias or prejudice
>> concerning a party, or personal knowledge of disputed
>> evidentiary facts concerning the proceeding . . .

28  28 U.S.C. § 445.

4

**United States District Court**
For the Northern District of California

1    "The substantive standard for recusal under 28 U.S.C. § 144 and 28 U.S.C. § 455 is the

2  same: '[W]hether a reasonable person with knowledge of all the facts would conclude that the

3  judge's impartiality might reasonably be questioned.'"  *United States v. Hernandez*, 109 F.3d 1450,

4  1453 (9th Cir. 1997) (citation omitted).  Generally, recusal based on bias or impartiality requires

5  showing "reliance upon an extrajudicial source" or "favoritism or antagonism that would make fair

6  judgment impossible."  *Liteky v. United States*, 510 U.S. 540, 555 (1994).  In particular, "judicial

7  rulings alone almost never constitute a valid basis for a bias or partiality motion. . . . they cannot

8  possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances

9  evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is

10  involved."  *Id.*  And, "opinions formed by the judge on the basis of facts introduced or events

11  occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis

12  for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would

13  make fair judgment impossible."  *Id.*

14    "Although the substantive test for bias or prejudice is identical in sections 144 and 455, the

15  procedural requirements of the two sections are different."  *United States v. Sibla*, 624 F.2d 864, 867

16  (9th Cir. 1980).  Section 455 "sets forth no procedural requirements."  *Id.*  Section 455 "is directed

17  to the judge, rather than the parties, and is self-enforcing on the part of the judge."  *Id.* at 867-868.

18  Therefore, "if the judge sitting on a case is aware of grounds for recusal under section 455, that

19  judge has a duty to recuse himself or herself."  *Id.* at 868.

20    Unlike Section 455, "[s]ection 144 expressly conditions relief upon the filing of a timely and

21  legally sufficient affidavit."  *Id*. at 867.  "An affidavit filed pursuant to [] section [144] is not legally

22  sufficient unless it specifically alleges facts that fairly support the contention that the judge exhibits

23  bias or prejudice directed toward a party."[1]  *Id.* at 868.  Furthermore, the affidavit "shall be

24  accompanied by a certificate of counsel of record stating that it is made in good faith."  28 U.S.C. §

25

26    [1] *Sibla* required that the bias or prejudice "stem from an extrajudicial source."  *Sibla*, 624

27  F.2d at 868.  However, after *Sibla* was decided, the Supreme Court held in *Liteky* that an
   extrajudicial source "is not a necessary condition for 'bias or prejudice' recusal, since

28  predispositions developed during the course of a trial will sometimes (albeit rarely) suffice."  *Liteky*,
   510 U.S. at 551, 554.

United States District Court

For the Northern District of California

1    144. Some courts find that "[a] pro se party cannot supply a certificate of counsel." *Williams v.*

2    *New York City Hous. Auth.*, 287 F. Supp. 2d 247, 249 (S.D.N.Y. 2003); *see United States v. Bennett*,

3    SACR 03-25 AHS, 2008 WL 2025074, at *2 (C.D. Cal. May 5, 2008) (an *in pro per* plaintiff cannot

4    make the certification of counsel when seeking relief under Section 144); *see also Davis-Rice v.*

5    *United States*, C 11-3203, 2011 WL 4984062, at *1 (N.D. Cal. Oct. 19, 2011).  If the judge to whom

6    the motion is directed finds the motion timely and legally sufficient, "the motion must be referred to

7    another judge for a determination of its merits." *Sibla*, 624 F.2d at 867.

8              2.        Due Process

9              Due process requires recusal when "the probability of actual bias on the part of the judge or

10   decisionmaker is too high to be constitutionally tolerable." *Caperton v. A.T. Massey Coal Co.*, Inc.,

11   556 U.S. 868, 872 (2009) (citing *Withrow v. Larkin*, 421 U.S. 35, 47 (1975)).  Circuit courts have

12   found that the federal recusal statutes provide stricter grounds for recusal than the Due Process

13   Clause.  *See Davis v. Jones*, 506 F.3d 1325, 1336 (11th Cir. 2007) ("this Court and other circuits

14   uniformly have concluded that the federal recusal statute establishes stricter grounds for

15   disqualification than the Due Process Clause"); *see also United States v. Couch*, 896 F.2d 78, 82

16   (5th Cir. 1990); *United States v. Sypolt*, 346 F.3d 838, 840 (8th Cir. 2003) (stating section 455

17   "reaches farther than the due process clause").

18   B.    Application

19             The Court first addresses whether there are substantive grounds for recusal under Section

20   455.

21             1.        Allegation of Bias Due to "favoritism that would make fair judgment impossible"

22             Petitioner argues that this Court should be recused because its rulings display "extreme

23   favoritism" towards the government "that would make fair judgment impossible."  Motion to Recuse

24   at 15.  Petitioner specifically points to this Court's order of March 17, 2013 (Docket No. 890), which

25   denied Petitioner's motion for relief from this Court's January 11, 2013 order and motion to amend

26   his 2255 petition to include a claim of actual innocence in his 1989 conviction.  In the March 17,

27   2013 Order, the Court affirmed its finding that the statute of limitations on Petitioner's 2255 habeas

28

**United States District Court**

For the Northern District of California

1  petition had run, that the evidence showed the statute of limitations was not tolled, and

2  consequently, that Petitioner's motion to amend his 2255 habeas petition was moot.

3        With regard to the evidence pertaining to tolling of the statute of limitations, Petitioner

4  asserts that the undersigned "ignored the government's knowing presentation of false evidence" and

5  disregard Petitioner's evidence that "nobody showed Barroca how to place any address on a

6  TRULINCS mailing label," and "made up his own evidence" by stating that abbreviations "Attn."

7  and "CA" could be used.  Motion to Recuse at 13, 15, 18.

8        First, as explained in the March 17, 2013 Order, the Court did not need to rely on the

9  government's evidence to find that TRULINCS did not prevent Petitioner from timely filing a 2255

10  petition:

11        Petitioner also argues that the January 11, 2013 order was in error
          because it did not reverse the December 20, 2011 order, despite the
12        fact that he provided evidence that some of the government's
          representations on the 2011 motion to toll were false or misleading.
13        What this Court found in the January 11, 2013 order, however, was
          that regardless of any false or misleading evidence provided by the
14        government, there was still sufficient evidence to conclude that this
          Court's address would have fit on the TRULINCS label, and that
15        Petitioner was thus not prevented from filing his petition by the
          TRULINCS system.  Docket No. 886 at 3.
16

17  March 17, 2013 Order (Docket No. 890) at 4.  Second, Petitioner's claim that the limitations

18  warrants tolling because no one showed him how to use the computer to place an address on the

19  mailing label is unpersuasive.  Petitioner stated that he could type the address on two labels, but

20  could not fit it on one, so the problem was about fitting the court's address on the label rather than

21  any technical problems of using the equipment.  Docket 847 (Petitioner's Reply to Government's

22  Opposition to Motion for Tolling) at 14 of 53.  As mentioned above, the evidence showed that the

23  court's address fit on the label.  In addition, Petitioner was able to send his petition to his sister, who

24  sent it to the court on his behalf.  *Id*.  Third, the Court did not "make up" the abbreviations "Attn."

25  and "CA" – these were from the address label example provided by the Government.  *See* Docket

26  No. 863-1 at 4; 886 at 3.  Thus, Petitioner's argument that the Court failed to consider the evidence

27  lacks merit.  The Court's ruling is far from "the rarest circumstances [that] evidence the degree of

28

**United States District Court**
For the Northern District of California

1    favoritism or antagonism required . . . when no extrajudicial source is involved." *Liteky v. United*

2    *States*, 510 U.S. at 555.

3          With regard to the Court's holding that Petitioner's Section 2255 motion was moot,

4    Petitioner asserts that this Court was able to make it moot, by instructing Petitioner to amend his

5    Section 2255 petition to include the claim.  Motion to Recuse at 15-16.  The Court addresses this

6    issue more fully in its Order Denying Petitioner's Motion for Relief from Judgment of Court's Order

7    Dated March 27, 2013.  In short, the Court recognizes that it erred in holding that the motion to

8    amend was moot on grounds that the statute of limitations expired, but affirms its conclusion

9    denying the motion to amend for other independent reasons.  In any case, the Court's initial ruling

10   on Petitioner's motion to amend is not grounds for recusal.

11         The Court did previously explain that the only exceptions to the non-reviewability of an

12   expired state-court conviction that might apply to Petitioner would be in the context of a 2255

13   petition challenging a new conviction or sentence that made use of the expired conviction.  *Barroca*

14   *v. Sanders*, Docket No. 12 (Order Denying Petitioner's Motion for Relief from Judgment) at 4.

15   However, the Court explicitly stated that Petitioner had a "high hurdle to overcome" if he sought to

16   amend his petition. *Id*. at 5.  A reasonable person would not question the Court's impartiality based

17   on the guidance it provided Petitioner for challenging his 1989 assault conviction.

18         2.    Allegation of "personal knowledge of disputed evidentiary facts"

19         Petitioner also argues that the undersigned should be recused because he had "personal

20   knowledge of all the disputed evidentiary facts concerning the issues raised in Petitioner's 2254

21   petition."  Mot. to Recuse at 19; *see* 28 U.S.C. § 455(b)(1).  However, knowledge of facts from

22   Petitioner's prior § 2254 habeas action does not warrant recusal. *See Liteky v. United States*, 510

23   U.S. at 55 ("[O]pinions formed by the judge on the basis of facts introduced or events occurring in

24   the course of the current proceedings, *or of prior proceedings*, do not constitute a basis for a bias or

25   partiality motion unless they display a deep-seated favoritism or antagonism that would make fair

26   judgment impossible.") (emphasis added). *See also, United States v. $292,888.04 in U.S. Currency*,

27   54 F.3d 564, 567 (9th Cir. 1995) (finding that although "Judge Vukasin presided over the criminal

28

**United States District Court**
For the Northern District of California

1  trials [that] does not disqualify him from the civil forfeiture case under § 455"). Thus, this is no

2  substantiating ground for recusal.

3  C.      Legal Sufficiency of the Affidavit Filed Pursuant to Section 144

4           The Court next determines the legal sufficiency of the affidavit filed pursuant to Section 144.

5           1.      Certificate of Counsel

6           The Court could find the affidavit legally insufficient under Section 144 because there is an

7  improper Certificate of Counsel. Petitioner is *pro se* and submitted a certificate of counsel that

8  named himself as counsel of the record. Docket 899, Ex. K; *See Jimena v. UBS AG Bank*,

9  CV-F-07-367 OWW/SKO, 2010 WL 2650714, at *3 (E.D. Cal. July 1, 2010) (denying an *in pro per*

10  plaintiff relief pursuant to Section 144 "because his motion [was] not accompanied by a certificate

11  of good faith executed by an attorney a member of the bar of [the] Court").

12           2.      Bias or Prejudice Stemming From an Extrajudicial Source

13           Petitioner's affidavit is legally insufficient substantively as well. The affidavit does not

14  allege this Court's bias stems from an extrajudicial source, nor does it contain factual allegations

15  that fairly support bias stemming from deep-seated favoritism. Petitioner essentially claims this

16  Court shows "extreme favoritism" in favor of the government based on its judicial actions denying

17  his motion for relief (Docket No. 886) and motion for reconsideration (Docket No. 889). Affidavit

18  Of Robert Barroca ("Affidavit of Barroca"), ¶ 36, Docket No. 899. As noted above, this is

19  insufficient to establish bias. *See Marks v. Askew*, C 11-3851 SBA, 2012 WL 70623, at *3 (N.D.

20  Cal. Jan. 9, 2012) (finding *pro se* Plaintiff's affidavit legally insufficient where "Plaintiff allege[d]

21  bias and prejudice arising out of a judicial action taken by the undersigned; namely, an Order

22  (Dkt.17) denying Plaintiff's request to e-file in this case"); *see also Al-Mansur v. Gross*, C 12-5535

23  SBA, 2013 WL 3157919, at *3 (N.D. Cal. June 20, 2013) (finding Plaintiff's affidavit was not

24  legally sufficient based on an alleged "bias and prejudice stemming from a judicial action taken by

25  the undersigned; namely, the issuance of an order remanding an unlawful detainer action improperly

26  removed to [the] Court by Plaintiff").

27           Accordingly, the Court finds that Petitioner cannot proceed under Section 144 because his

28  affidavit is legally insufficient both procedurally and substantively.

**United States District Court**
For the Northern District of California

1    3.    Due Process

2        Petitioner argues the undersigned should be recused under the Due Process Clause.  The

3  Court denies this motion because the standard for bias recusal under the Due Process Clause is

4  higher than that for Section 455, and Petitioner has failed to meet even the lower standard of Section

5  455.

6                              **IV.    CONCLUSION**

7        For the reasons stated above, Petitioner's motion for recusal is **DENIED**.

8        This order disposes of Docket No. 898.

9

10       IT IS SO ORDERED.

11

12  Dated:  October 31, 2014

13                                      _____

14                                      EDWARD M. CHEN
                                        United States District Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28