UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT WILLIAM BARROCA,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Respondent.<br>_____/ | No. CR-94-0470 EMC<br><br>**ORDER DENYING PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT**<br><br>**(Docket No. 901)** |

## I. INTRODUCTION

Petitioner-Defendant Robert Barroca is currently serving a 240-month sentence for various federal drug and gun offenses. This sentence was consecutive to a 120-month sentence for violation of 18 U.S.C. § 922(g)(1), felon in possession of a firearm. Petitioner claims that his current sentence was enhanced due to a prior 1989 state felony conviction, which was also the predicate felony for the § 922(g)(1) conviction. Petitioner filed a habeas petition under 28 U.S.C. § 2254, directly challenging the state conviction, and under 28 U.S.C. § 2255, challenging his federal conviction. The Court denied both petitions.

The Court dismissed the § 2255 petition because it was untimely and tolling did not apply. Petitioner filed a motion for relief from judgment, challenging the Court's findings on tolling, and a motion for leave to amend the § 2255 petition, to add a claim of actual innocence. On March 27, 2013, the Court denied the motion for relief from judgment, affirming that Petitioner's § 2255 petition was time barred and denied the motion for leave to amend as moot.

Before the Court is Petitioner's Motion For Relief From Judgment Of Court's Order Dated March 27, 2013 (the "Motion"). The Court **DENIES** the Motion for the reasons set forth below.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

In September 1994, Petitioner was indicted for various drug and gun offenses. A jury found Petitioner guilty of violating 18 U.S.C. § 922(g)(1), felon in possession of a firearm. Petitioner was sentenced to 120 months, which he has fully served. Docket Nos. 296, 466. The felony underlying the § 922(g)(1) charge was a 1989 state conviction for assault with a deadly weapon under California Penal Code § 245(a). *See* Docket No. 902, Exh. H. Petitioner had pled no contest to the state assault charge, represented by counsel. Petitioner pled to the remaining charges in the 1994 indictment, and in June 2005, was sentenced to a consecutive sentence of 240 months, which he is still serving. Docket No. 729.

In April 2010, Petitioner brought a motion to vacate his federal sentences pursuant to 28 U.S.C. § 2255. Docket No. 782. The petition was not brought within the AEDPA statute of limitations period. On December 20, 2011, the Court denied the § 2255 petition as untimely, having found tolling did not apply. Docket No. 875. Petitioner appealed, but the Ninth Circuit Court of Appeals denied his request for a certificate of appealability. Docket No. 887.

From March 2010 to February 2011, Petitioner filed in the Superior Court of California, California Court of Appeal, and the California Supreme Court, habeas petitions challenging his 1989 state conviction, but all were denied. *See* Docket No. 902, Exhs. S, T, U, V, W, XYZ. Petitioner claimed actual innocence, insufficiency of evidence to support the conviction, and ineffective assistance of counsel. The state courts held there was no good cause for the 20-year delay in seeking relief and that the exceptions to timeliness did not apply.

In August 2012, Petitioner filed in this Court a habeas petition under 28 U.S.C. § 2254, raising the same claims as in his state habeas petitions. No. C-12-4146 EMC, Docket No. 1. The Court denied the § 2254 petition because he did not satisfy the requirement of § 2254 that he be "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a). *Id*. Docket No. 4.

The Court did not construe the § 2254 petition as a § 2255 petition challenging his federal sentence because: (1) a § 2255 petition would have been untimely under the AEDPA statute of

limitations; (2) the Court had already dismissed a § 2255 petition, raising the problem of second or successive petitions; and (3) Petitioner's challenge did not come within the only exception the United States Supreme Court recognized under which a petitioner could challenge an expired conviction that was used to enhance a current sentence, namely, denial of counsel at the time of conviction.

Petitioner filed a motion for relief from the Court's dismissal of the petition. No. C-12-4146 EMC, Docket No. 8. On October 29, 2012, the Court denied the motion and advised Petitioner that the only way his claims might be considered would be to file a motion pursuant to Federal Rule of Civil Procedure 60(b) to reopen judgment and then file a motion to amend his prior § 2255 petition. No. C-12-4146 EMC, Docket No. 12. On December 7, 2012, the criminal action, which included Petitioner's § 2255 petition and over which first Judge Walker and then Judge Ware had presided, was reassigned to this Court. Docket No. 883.

On December 21, 2012, Petitioner filed a motion to amend his prior § 2255 petition to add the claims of actual innocence, insufficiency of evidence, and ineffective assistance of counsel with regard to his 1989 state conviction. Docket No. 884. Petitioner challenges his federal sentences, claiming that his 1989 state court conviction was (1) used as an element of the offense of his conviction for violation of § 922(g)(1); (2) used to enhance his sentences under the career offender provisions of the United States Sentencing Guidelines; and (3) used to enhance his sentence under the criminal history provisions of the Guidelines. Docket Nos. 884 at 2; 901 at 1. Petitioner had also filed a motion for relief from the Court's judgment dismissing the prior 2255 petition on the grounds that tolling did not apply. Docket No. 882. On March 27, 2013, the Court affirmed (a second time) the judgment and denied the motion to amend as moot. Docket Nos. 886, 890.

Petitioner now seeks relief from the Court's judgment of March 27, 2013. Docket No. 901. Petitioner claims that the Court should have considered his claim of actual innocence because: (1) *McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013), held that actual innocence, if proved, overcomes the AEDPA statute of limitations and (2) *Dubrin v. People of California*, 720 F.3d 1095 (9th Cir. 2013) recognized an additional exception to the bar against challenging an expired conviction that was used to enhance a current sentence. The Court subsequently granted Petitioner's request to stay the

1 matter and granted extensions of that stay due to circumstances relating to Petitioner's transfer to
2 another housing facility. The stay has now expired.

### III. DISCUSSION

Petitioner is correct that the Court erred in dismissing his motion to amend his § 2255 petition as moot on the grounds that the AEDPA statute of limitations had run, since under *McQuiggin v. Perkins*, and indeed under Ninth Circuit precedent prior to *McQuiggin*, "a credible claim of actual innocence constitutes an equitable exception to AEDPA's limitations period." *Lee v. Lampert*, 653 F.3d 929, 932 (9th Cir. 2011) (en banc). Petitioner's claim of actual innocence is that he is innocent of the state court conviction. Notwithstanding this error, the Court affirms its dismissal of Petitioner's motion to amend,[1] because Petitioner fails to overcome two independent hurdles: one, Petitioner does not come within the recognized exceptions to challenging an expired conviction that was used to enhance a current sentence, and two, Petitioner is effectively seeking to file a second habeas petition without first having obtained a certification from the Court of Appeals, as required under 28 U.S.C. §§ 2244, 2255(h). The Court discusses each in turn.

A. Challenge to Expired Convictions Used to Enhance Current Sentence

    1. Legal Standard

In *Daniels v. United States*, 532 U.S. 374, 382 (2001), the Supreme Court held that a defendant may not collaterally attack a prior state court conviction used to enhance a federal sentence through a motion under § 2255, unless the conviction was obtained in violation of the right

---

[1] The Court does not reach Petitioner's claim of actual innocence, because it is unnecessary to do so. As to his claim he is innocent of the underlying state court conviction, the only "evidence" in the case at this point are police reports *See* Docket No. 902 Exhs. A-C; *see also* Exh. U at 7-9. According to the reports, the facts are as follows. Petitioner got into a fight with four "negro" males in a Nations Burger Restaurant. Another patron, Mark Vinzant, intervened. Petitioner left, but then returned in his car with a gun. He fired shots with the gun. There are four main points that Petitioner makes in support of his claim of actual innocence: (1) Vinzant was named as the victim in the police reports, but Petitioner had no intent to assault Vinzant; (2) Vinzant first said Petitioner shot the gun towards the front entrance Nations Burger Restaurant, but then said Petitioner may have shot the gun in the direction of San Pablo Ave., which presumably is perpendicular to the direction of the front entrance; (3) Vinzant could not identify Petitioner in a photo line-up, so the only evidence identifying Petitioner was a phone call allegedly made by his girlfriend to the Nations Burger Restaurant, apologizing for her boyfriend's actions (it is difficult to decipher the police report); and (4) there was no physical evidence that Petitioner shot towards the Restaurant – the police found no bullet holes, no casings, etc. *See* Docket No. 902 at 22, Exh. U at 8.

4

to counsel ("*Gideon* violation"). *See Gideon v. Wainwright*, 372 U.S. 335 (1963). However, a four-justice plurality suggested that there may be exceptions other than a *Gideon* violation:

> We recognize that there may be rare cases in which no channel of review was actually available to a defendant with respect to a prior conviction, due to no fault of his own. The circumstances of this case do not require us to determine whether a defendant could use a motion under § 2255 to challenge a federal sentence based on such a conviction. *Cf.*, *e.g.*, 28 U.S.C. § 2255 (1994 ed., Supp. V) (allowing a second or successive § 2255 motion if there is "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense"); *ibid*. (tolling 1-year limitation period while movant is prevented from making a § 2255 motion by an "impediment ... created by governmental action in violation of the Constitution or laws of the United States").

*Daniels*, 532 U.S. at 383-84.

In a companion § 2254 case decided the same day, the Supreme Court extended the holding of *Daniels* to § 2254 petitions directed at enhanced state sentences. Similar to *Daniels*, a three-justice plurality, however, held:

> The general rule we have adopted here and in *Daniels* reflects the notion that a defendant properly bears the consequences of either forgoing otherwise available review of a conviction or failing to successfully demonstrate constitutional error. *See supra*, at 1574; *Daniels*, *post*, at 381-383. It is not always the case, however, that a defendant can be faulted for failing to obtain timely review of a constitutional claim. For example, a state court may, without justification, refuse to rule on a constitutional claim that has been properly presented to it. *Cf.* 28 U.S.C. § 2244(d)(1)(B) (1994 ed., Supp. V) (tolling 1-year limitations period while petitioner is prevented from filing application by an "impediment ... created by State action in violation of the Constitution or laws of the United States"). Alternatively, after the time for direct or collateral review has expired, a defendant may obtain compelling evidence that he is actually innocent of the crime for which he was convicted, and which he could not have uncovered in a timely manner. *Cf. Brady v. Maryland*, 373 U.S. 83, 83 (1963); 28 U.S.C. § 2244(b)(2)(B) (1994 ed., Supp. V) (allowing a second or successive [§ 2254] habeas corpus application if "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and ... the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense").

*Lackawanna Cnty. Dist. Attorney v. Coss*, 532 U.S. 394, 405 (2001).

5

1   Subsequently, the Ninth Circuit adopted one of the exceptions suggested by the plurality in *Coss*: when a "state court, 'without justification, refuses to rule on a constitutional claim'" challenging a conviction, "and that conviction is used to enhance [a] sentence for a later offense, the defendant may challenge the enhanced sentence under § 2254 on the ground that the prior conviction was unconstitutionally obtained." *Dubrin v. People of California*, 720 F.3d 1095, 1098, 1099 (2013) (quoting *Coss*, 532 U.S. at 405).

In *Dubrin*, the petitioner pled no contest to making criminal threats. Before Dubrin entered his plea, his attorney asked the prosecutor to confirm that the conviction would not count as a "strike" under California's three-strike law. Both the prosecutor and the judge confirmed. Dubrin already had a strike for a prior conviction. While on parole for the criminal threats conviction, Dubrin learned that the conviction did in fact count as a strike. He filed habeas petitions in the Superior Court of California, the California Court of Appeal, and the California Supreme Court to challenge the conviction, but the petitions were denied without reaching the merits, because those courts held that he did not meet the requirement for habeas review that he be "in custody." However, as the Ninth Circuit noted, this was incorrect, because for purposes of habeas relief, a parolee is "in custody." Dubrin did not pursue federal habeas relief, having been advised by the state courts that he was no longer eligible for habeas relief. Three years later, Dubrin was convicted of a third felony and was sentenced as a three-strikes offender. He filed a federal habeas petition under § 2254 challenging the constitutional validity of his criminal threats conviction. The district court denied the petition because the only exception *Coss* recognized to challenging an expired conviction that was used to enhance a current sentence was for a *Gideon* violation.

On appeal, the Ninth Circuit recognized the additional exception discussed above. *Id*. at 1099. The Supreme Court had identified "two prudential considerations" justifying the general rule barring challenges to expired prior convictions used to enhance a current sentence: "the need for finality of convictions and ease of administration." *Coss*, 532 U.S. at 402; *see also Daniels*, 542 U.S. at 378. The Ninth Circuit reasoned that these justifications were "significantly weakened when the State's courts, 'without justification, refuse to rule on a constitutional claim that has been properly presented' to them." *Id*. at 1098 (quoting Coss, 532 U.S. at 405 (plurality opinion)). First,

6

the interest in finality of convictions would "not be undermined by recognizing an exception for circumstances in which a party was denied a full and fair opportunity to litigate in a prior forum." *Id*. Second, while the ease of administration justified denying § 2254 review "particularly when [expired state-court] convictions have already been subjected to multiple layers of state-court review, . . . cases in which state courts refuse to afford review of constitutional claims 'without justification' w[ould] arise rarely enough that no serious administrative burdens w[ould] be imposed on the federal habeas system." *Id*. at 1099. The Ninth Circuit concluded that its decision was "consistent with the overarching equitable principles on which the writ of habeas corpus is grounded," since "it would not serve the interests of law and justice to deprive a state prisoner of what 'may effectively be the first and only forum available for review of the prior conviction.'" *Id*. (quoting *Coss*, 532 U.S. at 406 (plurality opinion)).

    2.   <u>Application</u>

         a.   <u>Petitioner's Arguments and Factual Background</u>

Petitioner claims that he comes under the two of the possible exceptions discussed by the *Coss* plurality: (1) he "obtained compelling newly discovered evidence in 2010 that proved he was actually innocent of his California State prior conviction" under Cal. Pen. Code § 245(a); and (2) under *Dubrin*, he "cannot be faulted for failing to obtain timely review of his constitutional challenge to his expired conviction." Docket No. 901 at 9 (Mot. for Relief from Judgment of March 27, 2013).

Petitioner's "newly discovered evidence" is not newly discovered in the sense that the evidence was not available at the time of his conviction. Rather, he argues (relying on *Griffin v. Johnson*, 350 F.3d 956 (2003)) that the evidence is "newly presented," since it was not presented at the time of his plea agreement. Docket No. 902 at 17. He asserts that he is actually innocent of the crime charged because the evidence which existed at the time is insufficient to support a conviction under Cal. Pen. Code § 245(a)(2). Petitioner largely repeats the points made in his state habeas petitions: that Vinzant was a witness, not a victim, and that there was no physical evidence that he ever fired a gun. *See*, *supra*, footnote 1. He only pled no contest because his attorney advised him to, "because Barroca was going back to prison anyway for a parole violation and the 365 day county

jail time offered in the plea would not surpass the one year parole violation, not [because] Barroca was actually guilty of the offense charged." Docket No. 902 at 3.

Petitioner claims he cannot be faulted for obtaining timely review of his 1989 conviction. In early 1995, after he was arrested on the federal indictment, Petitioner filed a motion in Superior Court to strike his 1989 conviction. Docket No. 902 at 11. The district attorney objected to the introduction of a declaration by Petitioner unless he was available for cross-examination. *Id*. However, the Government refused to release him from custody to attend the hearing. *Id*. The motion was eventually dismissed without prejudice in 2002. *Id*. Petitioner claims he was unable to seek review after that because, being in federal custody, "he did not have access to any of his state prior legal materials . . . [or] California state law." Docket No. 902 at 12.

In 2005, Petitioner was appointed counsel to represent him in his federal case, and as part of appointed counsel's representation, he filed a motion to vacate his state court conviction. *Id*. Exh. S at 4. The motion was denied. *Id.* In March 2010, Petitioner's sister retained an attorney who filed habeas petitions in the state courts. Those courts denied the petitions because he failed to show "good cause for a delay" or that "his petition should be considered under one of the exceptions to the requirement that habeas relief be timely sought. (*See In re Robbins* (1998) 18 Cal.4th 770, 780-781.)" *Id.* Exh. V (Order of California Court of Appeal denying petition); *see also* Exhs. T, XYZ. The Superior Court noted in particular that Petitioner's lack of access to legal materials after 2005 "does not excuse the substantial delay between 1989 and 2005." *Id*. Exh. T (Order of the Superior Court of California, Contra Costa County).

        b.    Application of *Daniels*, *Coss* and *Dubrin*

The import of the pluralities' opinions and *Dubrin* was that there might be circumstances where a defendant cannot be faulted for not having obtained timely review of the prior conviction. *See Daniels*, 532 U.S. at 383 ("We recognize that there may be rare cases in which no channel of review was actually available to a defendant with respect to a prior conviction, due to no fault of his own."); *see also Coss*, 532 U.S. at 405-06 ("It is not always the case, however, that a defendant can be faulted for failing to obtain timely review of a constitutional claim. . . . In such situations, a habeas petition directed at the enhanced sentence may be the first and only forum available for

review of the prior conviction."); *Dubrin*, 720 F.3d at 1098 (holding that the prudential considerations justifying the rule in *Daniels* and *Coss* are greatly weakened "when a defendant, despite exercising reasonable diligence, did not receive a full and fair opportunity to obtain state-court review of his prior conviction").

Here, there is no reason Petitioner could not have filed timely state habeas petitions or direct appeals of his constitutional claims. As the Superior Court noted, there is no explanation for his failure to seek review between 1989 and 2005 (when he first filed a motion to vacate the state court conviction). Docket No. 902 Exh. T. Also, as the Superior Court noted, Petitioner's lack of access to his legal papers and to California state law between 2005 and 2010 due to his incarceration in federal prison are not circumstances that excuse his failure to seek review during this period. In 2010, while still incarcerated in federal prison Petitioner's lawyer was able to access necessary legal materials to file habeas petitions on Petitioner's behalf.

As to actual innocence specifically, *Daniels* plurality referred to section 2255(h), which allows a second or successive petitions if there is "*newly discovered evidence* that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense." 28 U.S.C. § 2255(h) (emphasis added); *see Daniels*, 532 U.S. at 383-84. Likewise, the *Coss* plurality recognized the right to collaterally attack a prior conviction outside the normal and timely process where the defendant obtained "compelling evidence that he is actually innocent of the crime for which he was convicted, and which he *could not have uncovered in a timely manner*." *Coss*, 532 U.S. at 405 (emphasis added). The Court referred to *Brady v. Maryland*, 373 U.S. 83 (1963) (holding that the prosecution's suppression of material evidence favorable to an accused violates due process)  and 28 U.S.C. § 2244(b)(2)(B) (allowing a second or successive § 2254 petition if "the factual predicate for the claim *could not have been discovered previously through the exercise of due diligence*; and . . .  the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense") (emphasis added).

1 Here, Petitioner has not presented any "newly discovered evidence" or evidence he "could
2 not have uncovered in a timely manner." Petitioner presents only the evidence that existed at the
3 time of his 1989 conviction, which he could have presented in 1989. Instead of new evidence,
4 Petitioner essentially claims that his counsel was ineffective in advising him to plead guilty when the
5 evidence was insufficient to prove guilt. In other words, his claim of actual innocence is no different
6 from the typical claim of ineffective assistance of counsel that asserts the client-defendant was found
7 guilty due to his counsel's failures. Notably, the petitioner in *Coss* claimed ineffective assistance of
8 counsel, yet the majority held the petitioner could not collaterally attack his expired conviction, and
9 the plurality did not disagree. Thus, Petitioner fails to present any newly discovered evidence of
10 actual innocence or evidence that he could not have uncovered earlier had he exercised due
11 diligence and thus cannot collaterally attack his prior state court conviction in this proceeding.

12 Further, not only were channels of review available, Petitioner did in fact obtain review of
13 his prior conviction through his habeas petitions in the state courts, although they were denied.
14 Petitioner claims that those denials were "unfair and surprising . . . with no support in state law,"
15 which allows an exception for untimeliness if actual innocence is shown. Docket No. 902 at 13; *see*
16 *In re Clark*, 5 Cal.4th 750, 797-98 (1993) (recognizing four exceptions to untimely habeas petitions,
17 one of which is a demonstration "that the petitioner is actually innocent of the crime or crimes of
18 which the petitioner was convicted"); *In re Robbins*, 18 Cal.4th 770, 780 (1998) (*same*). The
19 Superior Court did not allude to the exception for actual innocence. *See* Docket No. 902 Exh. T.
20 However, the Court of Appeal did, albeit briefly:

> The petition of writ of habeas corpus is denied. Petitioner has not demonstrated good cause for a delay of over 20 years in seeking habeas relief, nor has he shown his petition should be considered under one of the exceptions to the requirement that habeas relief be timely sought. (See *In re Robbins* (1998)18 Cal.4th 770, 780-81.)

24 Docket No. 902 Exh. V. While the decision provides little by way of explanation, it can be inferred
25 from its mention of exceptions that the Court of Appeal considered Petitioner's claim of actual
26 innocence but determined that actual innocence was not shown.

27 The California Supreme Court also alluded to the inapplicability of the exceptions, albeit
28 indirectly and more briefly: "The petition for writ of habeas corpus is denied. (See *In re Robbins*

10

(1998)18 Cal.4th 770, 780.)" The California Supreme Court's reference to the page cite in *In re Robbins* is significant because that page contains the exception for actual innocence.

The circumstances here are different from those in *Dubrin*, where the state courts had "without justification, refuse[d] to rule on a constitutional claim that has been properly presented to [them]." *Dubrin*, 720 F.3d at 1098. The state courts' refusals to rule on Dubrin's constitutional claims were without justification, since the "justification" was an erroneous understanding of the law that a parolee was not "in custody." Further, Dubrin was misinformed by the judge and prosecutor that his conviction would not count as a strike, so presumably, he believed he had no grounds to seek review. Here, the state courts refused to rule on the merits of Petitioner's constitutional claims, but with justification; by all appearances, they determined that Petitioner failed to demonstrate good cause for delay or actual innocence.

Because this is not a case where "no channel of review was actually available to a defendant with respect to a prior conviction, due to no fault of his own," the exceptions suggested by the pluralities in *Daniels* and *Coss*, and in *Dubrin* do not apply. Since there was no *Gideon* violation under *Daniels*, Petitioner cannot attack his prior state court conviction in a § 2255 motion even if it was used to enhance his current federal sentence. Thus, it would be futile for Petitioner to amend his previous § 2255 petition, since he would be barred from attacking the 1989 conviction.

B. Second or Successive Petition

Furthermore, Petitioner cannot amend his § 2255 petition for the additional reason that this would effectively amount to a second petition, which Petitioner cannot file without first having obtained a certificate from the Ninth Circuit Court of Appeals.

1. Legal Standard

> A petitioner is generally limited to one motion under § 2255, and may not bring a "second or successive motion" unless it meets the exacting standards of 28 U.S.C. § 2255(h). This section provides that such a motion cannot be considered unless it has first been certified by the court of appeals to contain either "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or "(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *Id*. § 2255(h).

*United States v. Washington*, 653 F.3d 1057, 1059 (9th Cir. 2011).

"When a Rule 60(b) motion is actually a disguised second or successive § 2255 motion, it must meet the criteria set forth in § 2255(h)." *Id.* at 1059-60 (citing *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005)).

> If the alleged Rule 60(b) motion asserts some "defect in the integrity of the federal habeas proceedings," it is a legitimate Rule 60(b) motion. . . . On the other hand, if the motion presents a "claim," *i.e.*, "an asserted federal basis for relief from a ... judgment of conviction," then it is, in substance, a new request for relief on the merits and should be treated as a disguised § 2255 motion.

*Id.* at 1063 (quoting *Gonzalez v. Crosby*, 545 U.S. at 530, 532 & n. 5).

> Put another way, a motion that does not attack "the integrity of the proceedings, but in effect asks for a second chance to have the merits determined favorably" raises a claim that takes it outside the bounds of Rule 60(b) and within the scope of AEDPA's limitations on second or successive habeas corpus petitions.

*Jones v. Ryan*, 733 F.3d 825, 834 (9th Cir. 2013) (internal alterations omitted) (quoting *Gonzalez v. Crosby*, 545 U.S. at 530, 532).

Where a petition has been dismissed with prejudice as untimely, the dismissal constitutes a disposition on the merits and renders a subsequent petition second or successive for purposes of 28 U.S.C. § 2244(b). *See McNabb v. Yates*, 576 F.3d 1028, 1029-30 (9th Cir. 2009).

2. <u>Application</u>

Petitioner seeks to amend his previous § 2255 petition to argue (1) actual innocence, (2) insufficiency of evidence, and (3) ineffective assistance of counsel with regard to his 1989 conviction. The Rule 60(b) motion does not allege a challenge to the integrity of the federal habeas proceedings. These arguments[2] were not raised in his previous § 2255 petition, which was dismissed with prejudice as untimely. An amendment arguing (2) or (3) would constitute a second petition, because these are new "claims" constituting requests for relief on the merits. Therefore, the AEDPA's limitations apply: the Court cannot consider these claims unless Petitioner first obtains

---

[2] The Court refers to "arguments" rather than "claims" to avoid confusion, since "claims" has a particular meaning in the context of second or successive petitions, as explained in the quotation from *United States v. Washington*, 653 F.3d at 1063.

12

permission from the Ninth Circuit Court of Appeals to file a second petition. *See* 28 U.S.C. § 2255(h). A claim of actual innocence may serve as a procedural gateway (rather than as a separate "claim" for relief) to overcome the bar to second petitions, *see Schlup v. Delo*, 513 U.S. 298 (1995), but in any case, Petitioner must demonstrate to the Court of Appeals "by clear and convincing evidence that no reasonable factfinder would have found [Petitioner] guilty of the offense." *Id.* Because the amendment would amount to a second petition, which the Court of Appeals has not authorized, Petitioner may not amend his § 2255 petition.

## IV. CONCLUSION

Upon review of its March 27, 2013 Order, the Court affirms its denial of Petitioner's motion to amend his § 2255 petition to add claims of actual innocence, insufficient evidence, and ineffective assistance of counsel. Petitioner does not come within the narrow exceptions under which he may collaterally attack through § 2255 a prior state conviction (no longer otherwise subject to review) that was used to enhance a federal sentence. In addition, the proposed amendment would constitute a second or successive petition, for which Petitioner has not received authorization from the Ninth Circuit to file. Thus, the Court **DENIES** Petitioner's Motion for Relief from Judgment of the Court's March 27, 2013 Order.

This order disposes of Docket No. 901.

IT IS SO ORDERED.

Dated: October 31, 2014

_____
EDWARD M. CHEN
United States District Judge