UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT WILLIAM BAROCCA,<br><br>Defendant. | Case No. 94-cr-00470-EMC-1<br><br>**ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(C)(2)**<br><br>Docket No. 924 |

Defendant Robert William Barocca has moved to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). For the reasons discussed below, his motion is hereby **DENIED**.

Section 3582(c)(2) provides that,

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) [18 U.S.C. § 3553(a)] to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C.S. § 3582(c)(2). "Under § 3582(c)(2), a defendant is eligible for a sentence reduction if two prongs are satisfied: (1) the sentence is *based on* a sentencing range that has subsequently been lowered by the Sentencing Commission and (2) such a reduction is consistent with *applicable* policy statements issued by the Sentencing Commission." *United States v. Pleasant*, 704 F.3d 808, 810 (9th Cir. 2013) (internal quotation marks omitted; emphasis added), *overruled on other grounds by United States v. Davis*, No. 13-30133, 2016 U.S. App. LEXIS 10661, at *19-20 n.8 (9th Cir. June 13, 2016).

According to Mr. Barocca, he was sentenced to a term of imprisonment based on a sentencing range that has now been lowered by the Sentencing Commission – more specifically, as a result of Amendment 782 to the United States Sentencing Guidelines Manual. "Amendment 782 revises the Drug Quantity Table in U.S.S.G. § 2D1.1 [which sets the base level offense], applicable to sentences imposed for certain drug-related convictions." *United States v. Byias*, No. CR-10-00018 PJH, 2016 U.S. Dist. LEXIS 31163, at *6 (N.D. Cal. Mar. 10, 2016).

The problem for Mr. Barocca is that, even if his sentence was based on U.S.S.G. § 2D1.1, any sentence reduction must still be consistent with § U.S.S.G. § 1B1.10(a)(1). *See Pleasant*, 704 F.3d at 811. "That provision permits a reduction only if 'the guideline range *applicable* to that defendant has subsequently been lowered as a result of an amendment to the Guidelines.'" *Id.* (emphasis in original). In *Pleasant*, the Ninth Circuit explained that the applicable guidelines for the defendant were the career offender guidelines because the defendant qualified as a career offender even though he was not actually sentenced under those guidelines. (The defendant was only able to avoid the career offender guidelines because the district court had granted a downward variance.) *See id.* at 812. The Ninth Circuit continued: "[U.S.S.G.] § 1B1.10 mandates that the Career Offender guidelines were Pleasant's 'applicable guidelines'; thus, the district court did not have jurisdiction either to hear Pleasant's § 3582(c) motion or to act *sua sponte*." *Id.*; *see also United States v. Waters*, 771 F.3d 679, 680 (9th Cir. 2014) (stating that, "although Waters is correct that he was sentenced in part based on the crack cocaine guidelines in § 2D1.1 that have now been revised[,] . . . he is ineligible for a reduction of sentence because [the Amendment had] no effect on his applicable guideline range due to his career offender status") (internal quotation marks omitted).

Like the defendant in *Pleasant*, Mr. Barocca was deemed a career offender and therefore he was sentenced under the career offender guidelines, which renders § 3852(c)(2) inapplicable. Mr. Barocca argues that he disputed the career offender designation during the sentencing proceedings before Judge Walker, and Judge Walker never deemed him a career offender. *See* Fed. R. Crim. P. 32(i)(3)(B) (providing that a court "must – for any disputed portion of the presentence report or other controverted matter – rule on the dispute or determine that a ruling is

unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing"). He acknowledges that Judge Walker stated that he had a Criminal History Category of VI, *see* Docket No. 928-1 (Tr. at 32), but argues that at best this was an implicit finding by Judge Walker that he was a career offender, *see* U.S.S.G. § 4B1.1 (providing that a career offender's criminal history category shall be Category VI), and, under Ninth Circuit authority, implicit findings are insufficient to satisfy Rule 32(i)(3)(B). *See United States v. Doe*, 705 F.3d 1134, 1155 (9th Cir. 2013) (noting that "all Rule 32 findings must be express or explicit"; "even if the district court did implicitly reject Doe's objections, his implicit ruling was insufficient to comply with this court's interpretation of Rule 32").

But Mr. Barocca ignores other statements by Judge Walker which establish that the assessment of Criminal History Category VI was based on the recommendations in the presentence report, which designated Mr. Barocca a career offender. *See, e.g.*, Docket No. 928-1 (Tr. at 38) ("Based upon all of the recommendations of the presentence report I think the presentence report is complete. It sets forth the facts and circumstances of the offense conduct and the circumstances of the offender, and in some detail, and that is the basis upon which the sentence is imposed . . . ."). More important, Judge Walker had to have deemed Mr. Barocca a career offender with a Criminal History Category of VI, as otherwise his criminal history points, under the presentence report, would have totaled 12, establishing a Criminal History Category of V instead. Thus, while Judge Walker arguably could have made a clearer finding that Mr. Barocca was a career offender (*e.g.*, by stating such outright), the record is sufficiently clear that Judge Walker did find him to be such.

The circumstances above make this case distinguishable from *Doe*. In *Doe*, the defendant objected to, *inter alia*, probation's two-level increase for being an organizer. The government argued that, "based on the parties' answers to the district court's questions in relation to the co-defendant's sentence disparity, the district court implicitly rejected [the defendant's] objections regarding being an organizer and minimal participant and for playing a mitigating role." *Doe*, 705 F.3d at 1155. But the Ninth Circuit rejected that argument "because Rule 32(i)(3)(B) requires that 'for any disputed portion of the presentence report or other controverted matter,' the court must

'rule on the dispute or determine that a ruling is unnecessary'" – *i.e.*, "Rule 32 findings 'must be "express" or "explicit."'" *Id.* Because "the district court did not do that here, . . . there is no way for us to know how these objections and factual issues affected [the defendant's] sentence, or if they affected it at all." *Id.* In contrast, here, Judge Walker did rule on the dispute regarding career offender status, finding against Mr. Barocca. As noted above, he stated that Mr. Barocca had a Criminal History Category of VI which necessarily showed that he found Mr. Barocca to be a career offender or else Mr. Barocca would have had a Criminal History Category of V.

Finally, even if Mr. Barocca's contention had merit, the Court still would not rule in his favor because, as the government argues, the time for Mr. Barocca to challenge the sufficiency of Judge Walker's findings on career offender status under Rule 32 was on appeal. Mr. Barocca should not be able to use § 3582(c)(2) as an indirect means to raise those claims. *Cf. United States v. Gaines*, 345 Fed. Appx. 369, 374 (10th Cir. 2009) (stating that, to the extent defendant's "argument amounts to an attempt to collaterally attack the drug quantity originally calculated at his sentencing, that argument must also fail" because defendant could "not use § 35829c)(2) to collaterally attack his original sentence").

Accordingly, the Court denies Mr. Barocca's request for relief.

This order disposes of Docket No. 924.

**IT IS SO ORDERED**.

Dated: June 27, 2016

_____
EDWARD M. CHEN
United States District Judge